# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
06/23/2020
CT Log Number 537831728

TO:     STACIE SIMPSON
        PACE
        100 AMERICAN METRO BLVD STE 108
        HAMILTON, NJ 08619-2319

RE:     **Process Served in Delaware**

FOR:    Crane Co.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jerome J. Gehant, Pltf. vs. Air & Liquid Systems Corporation, etc., et al., Dfts. // To: Crane Co. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CL2000470600 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/23/2020 at 14:59 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/23/2020, Expected Purge Date: 06/28/2020 |
| | Image SOP |
| | Email Notification,  STACIE SIMPSON  paceservice@pace-claims.com |
| | Email Notification,  Crane Co. SOP  cranecoctservice@klgates.com |
| **SIGNED:** | The Corporation Trust Company |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                Tue, Jun 23, 2020

**Server Name:**                 Angela Lee

**Location:**                      Smyrna , DE

| | |
|---|---|
| Entity Served | CRANE CO. |
| Agent Name | THE CORPORATION TRUST COMPANY |
| Case Number | CL2000470600 |
| Jurisdiction | DE |



# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL20004706-00

NORFOLK ........................................................................................ Circuit Court

150 ST. PAUL'S BLVD, 7TH FLOOR, NORFOLK 23510
ADDRESS

TO:

CRANE CO., THE CORPORATION TRUST COMPANY

CORPORATION TRUST CENTER

1209 N ORANGE STREET

WILMINGTON, DE 19801

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

MAY 20, 2020                    /S/ SCHAEFER, GEORGE E.; III _____ Clerk
DATE

by _____
DEPUTY CLERK

Instructions:


Hearing Official: .................................................................................................

FORM CC-1400 MASTER 10/13

Third Party Service
FOXMORE
11503 Allecingie PKWY, 3rd Fl
Richmond, VA 23235
804-379-5500

# SERVE

110599

Service: NORFOLK CC YNOE at 2020MAY20 12:34 CL20004706-00

## SERVICE OTHER THAN BY VIRGINIA SHERIFF
COMMONWEALTH OF VIRGINIA
VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

Case No. CL20004706-00 .............................................

Service No. 4 ................................... (Clerk's use only)

NORFOLK ............................................................... Circuit Court

GEHANT, JEROME J ................................................ v.   AIR & LIQUID SYSTEMS CORP. ...........................

CRANE CO., THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 N ORANGE STREET, WILMINGTON, DE 19801

is the name and address of the person upon whom service of the following is to be made:

[ ] Summons and Complaint

[x] COMPLAINT ..........................................................................

I, the undersigned, swear/affirm that

1.  [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

...........................................................................................................................

or,

[ ] I am a private process server (list name, address and telephone number below).

...........................................................................................................................

or,

[ ] I am an investigator employed by an attorney for the Commonwealth or the Indigent Defense Commission and have retired or resigned from my prior position as a law-enforcement officer in good standing. I affirm that the sheriff for the jurisdiction where process was served has agreed that such investigators may serve process. (List name, title and agency below.)

...........................................................................................................................

2.  I am not a party to, or otherwise interested in, the subject matter in controversy in this case.
3.  I am 18 years of age or older.
4.  I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

— Date and time of service: ...........................................................................................................................

— Place of service: ...........................................................................................................................

— Method of service:                                STREET ADDRESS, CITY AND STATE

| [ ] Personal Service | [ ] Not Found |
|---|---|
| [ ] Being unable to make personal service, a copy was delivered in the following manner: | |
| [ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party .................................... | |
| [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found). | |
| [ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown. | |
| ................................................................................................................ | |
| DATE OF MAILING | |

...........................................................                    ...........................................................
DATE                                                                              SIGNATURE

State/Commonwealth of ...................................................... ,    [ ] City [ ] County of ......................................................

Subscribed and sworn to/affirmed before me this .......................... day of ................................................ , 20 ..............

by ...................................................................................    ...........................................................................
PRINT NAME OF SIGNATORY                                                           TITLE

...........................................................                    ...........................................................................
DATE                                                                              NOTARY PUBLIC (My commission expires ............................................... )

Registration No. ...................................................................

FORM CC-1407 MASTER 07/18

Uploaded: 2020MAY20 11:32 Filed By:Bar# 34290 NFINCH Reference: EF-66574
E-Filed: 2020MAY20 NORFOLK CC YNOE at 2020MAY20 12:34 CL20004706-00

## COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. .........................

(CLERK'S OFFICE USE ONLY)

............................ Norfolk ............................ Circuit Court

............ Jerome J. Gehant .......... v./In re: ...... Air & Liquid Systems Corporation, et al. ......

PLAINTIFF(S)                      DEFENDANT(S)

I, the undersigned ☐ plaintiff ☐ defendant ☒ attorney for ☒ plaintiff ☐ defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**

**Subsequent Actions**
- ☐ Claim Impleading Third Party Defendant
  - ☐ Monetary Damages
  - ☐ No Monetary Damages
- ☐ Counterclaim
  - ☐ Monetary Damages
  - ☐ No Monetary Damages
- ☐ Cross Claim
- ☐ Interpleader
- ☐ Reinstatement (other than divorce or driving privileges)
- ☐ Removal of Case to Federal Court

**Business & Contract**
- ☐ Attachment
- ☐ Confessed Judgment
- ☐ Contract Action
- ☐ Contract Specific Performance
- ☐ Detinue
- ☐ Garnishment

**Property**
- ☐ Annexation
- ☐ Condemnation
- ☐ Ejectment
- ☐ Encumber/Sell Real Estate
- ☐ Enforce Vendor's Lien
- ☐ Escheatment
- ☐ Establish Boundaries
- ☐ Landlord/Tenant
  - ☐ Unlawful Detainer
- ☐ Mechanics Lien
- ☐ Partition
- ☐ Quiet Title
- ☐ Termination of Mineral Rights

**Tort**
- ☒ Asbestos Litigation
- ☐ Compromise Settlement
- ☐ Intentional Tort
- ☐ Medical Malpractice
- ☐ Motor Vehicle Tort
- ☐ Product Liability
- ☐ Wrongful Death
- ☐ Other General Tort Liability

**ADMINISTRATIVE LAW**

- ☐ Appeal/Judicial Review of Decision of (select one)
  - ☐ ABC Board
  - ☐ Board of Zoning
  - ☐ Compensation Board
  - ☐ DMV License Suspension
  - ☐ Employee Grievance Decision
  - ☐ Employment Commission
  - ☐ Local Government
  - ☐ Marine Resources Commission
  - ☐ School Board
  - ☐ Voter Registration
  - ☐ Other Administrative Appeal

**DOMESTIC/FAMILY**
- ☐ Adoption
  - ☐ Adoption – Foreign
- ☐ Adult Protection
- ☐ Annulment
  - ☐ Annulment – Counterclaim/Responsive Pleading
- ☐ Child Abuse and Neglect – Unfounded Complaint
- ☐ Civil Contempt
- ☐ Divorce (select one)
  - ☐ Complaint – Contested*
  - ☐ Complaint – Uncontested*
  - ☐ Counterclaim/Responsive Pleading
  - ☐ Reinstatement – Custody/Visitation/Support/Equitable Distribution
- ☐ Separate Maintenance
  - ☐ Separate Maintenance Counterclaim

**WRITS**
- ☐ Certiorari
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prohibition
- ☐ Quo Warranto

**PROBATE/WILLS AND TRUSTS**

- ☐ Accounting
- ☐ Aid and Guidance
- ☐ Appointment (select one)
  - ☐ Guardian/Conservator
  - ☐ Standby Guardian/Conservator
- ☐ Trust (select one)
  - ☐ Impress/Declare
  - ☐ Reformation
- ☐ Will (select one)
  - ☐ Construe
  - ☐ Contested

**MISCELLANEOUS**
- ☐ Appointment (select one)
  - ☐ Church Trustee
  - ☐ Conservator of Peace
  - ☐ Marriage Celebrant
- ☐ Bond Forfeiture Appeal
- ☐ Declaratory Judgment
- ☐ Declare Death
- ☐ Driving Privileges (select one)
  - ☐ Reinstatement pursuant to § 46.2-427
  - ☐ Restoration – Habitual Offender or 3rd Offense
- ☐ Expungement
- ☐ Firearms Rights – Restoration
- ☐ Forfeiture of U.S. Currency
- ☐ Freedom of Information
- ☐ Injunction
- ☐ Interdiction
- ☐ Interrogatory
- ☐ Judgment Lien-Bill to Enforce
- ☐ Law Enforcement/Public Official Petition
- ☐ Name Change
- ☐ Referendum Elections
- ☐ Sever Order
- ☐ Taxes (select one)
  - ☐ Correct Erroneous State/Local
  - ☐ Delinquent
- ☐ Vehicle Confiscation
- ☐ Voting Rights – Restoration
- ☐ Other (please specify) ..................................

☒ Damages in the amount of $ 25,000,000.00 are claimed.

............ May 20, 2020 ............

DATE

............ Nathan D. Finch, Esq ............

PRINT NAME

Motley Rice LLC, 401 9th Street NW, #1001, Washington, DC 20004

ADDRESS/TELEPHONE NUMBER OF SIGNATOR

............ 202-232-5507 ............

[signature]

☒ PLAINTIFF   ☐ DEFENDANT   ☐ ATTORNEY FOR   [ ] PLAINTIFF
[ ] DEFENDANT

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 10/12

Uploaded: 2020MAY20 11:33 Filed By:Bar# 34290 NFINCH Reference: EF-66574
E-Filed: 2020MAY20 NORFOLK CC YNOE at 2020MAY20 12:34 CL20004706-00

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

**JEROME J. GEHANT,**

    Plaintiff,

v.                                  CASE NO.: _____

**AIR & LIQUID SYSTEMS CORPORATION,**
**successor-by-merger to Buffalo Pumps, Inc.;**
A Pennsylvania corporation
726 Bell Avenue, Suite 302
Carnegie, PA, 15106
        Serve:  Corporation Service Company
                   100 Shockoe Slip, 2nd Floor
                   Richmond, VA 23219-4100

**ALDRICH PUMP LLC, as successor in interest**
**to Ingersoll Rand Inc. and The Nash**
**Engineering Company;**
A North Carolina Limited Liability Company
800-E Beaty Street
Davidson, NC 28036
        Serve:  Corporation Service Company
                   2626 Glenwood Avenue, Suite 550
                   Raleigh, NC 27608

**CBS CORPORATION, f/k/a Viacom, Inc.,**
**successor by merger to CBS Corporation,**
**f/k/a Westinghouse Electric Corporation;**
A Delaware corporation
51 W. 52nd Street
New York, NY 10019
        Serve:  Corporation Service Company
                   251 Little Falls Drive
                   Wilmington, DE 19808

**CRANE CO., individually and as successor in**
**interest to Chapman Valve Co., Deming Co., and**
**Pacific Valves, Inc.;**
A Delaware corporation
100 First Stamford Place
Stamford, Connecticut 06902
        Serve:  The Corporation Trust Company

1

Corporation Trust Center
1209 N Orange Street
Wilmington, DE 19801

**FOSTER WHEELER ENERGY CORPORATION;**
A Delaware corporation
53 Frontage Road, P.O. Box 9000
Hampton, NJ 08827-9000
        Serve: United Agent Group Inc.
               425 W Washington Street, Suite 4
               Suffolk, VA 23434-5320

**GENERAL ELECTRIC COMPANY;**
A New York corporation
5 Necco Street
Boston, MA 02210
        Serve: CT Corporation System
               4701 Cox Road, Suite 285
               Glen Allen, VA 23060-6808

**IMO INDUSTRIES, INC., as successor in interest**
**to IMO DeLaval Inc., Transamerica DeLavel, Inc.,**
**DeLavel Turbine, Inc., and DeLaval Steam**
**Turbine Company;**
A Delaware corporation
1011 Cetre Road, Suite 203
Wilmington, DE 19805
        Serve: CT Corporation system
               4701 Cox Road, Suite 285
               Glen Allen, VA 23060-6808

**INGERSOLL RAND INC., f/k/a Gardner Denver**
**Holdings, Inc., individually and as successor in interest**
**to The Nash Engineering Company;**
A Delaware corporation
800-A Beaty Street
Davidson, NC 28036
        Serve: The Corporation Trust Company
               Corporation Trust Center
               1209 Orange Street
               Wilmington, DE 19801.

2

**INGERSOLL-RAND COMPANY, individually
and as successor in interest to The Nash
Engineering Company;**
A New Jersey corporation
800-E Beaty Street
Davidson, NC 28036
      Serve: Corporation Service Company
            100 Shockoe Slip, 2nd Floor
            Richmond, VA 23219-4100

**MURRAY BOILER LLC, recipient of certain
assets and liabilities for Trane US Inc., as successor
in interest to Ingersoll Rand Inc. and The Nash
Engineering Company;**
A North Carolina limited liability company
800-E Beaty Street
Davidson, NC 28036
      Serve: Corporation Service Company
            2626 Glenwood Avenue, Suite 550
            Raleigh, NC 27608

**TRANE TECHNOLOGIES PLC, f/k/a Ingersoll-
Rand Public Limited Company, as successor in
interest to Ingersoll Rand Inc. and The Nash
Engineering Company;**
An Ireland Public Limited Company
170/175 Lakeview Drive
Airside Business Park
Swords, Co. Dublin; L2 Ireland
      Serve: c/o Ingersoll-Rand Company
            800-E Beaty Street
            Davidson, NC 28036

**VIKING PUMP, INC.;**
A Delaware corporation
406 State Street
Cedar Falls, IA 50613
      Serve: The Corporation Trust Company
            Corporation Trust Center
            1209 N Orange Street
            Wilmington, DE 19801

**WARREN PUMPS, LLC;**
A Delaware corporation
200 American Metro Boulevard, Suite 111
Hamilton, NJ 08619

3

Serve: C T Corporation System
        4701 Cox Road, Suite 285
        Glen Allen, VA 23060-6808

Defendants.

## COMPLAINT

NOW COMES Plaintiff, JEROME J. GEHANT, by and through counsel undersigned, an

moves for judgment against Defendants for personal injuries, specifically mesothelioma, suffered

by him because of Defendants' wrongful conduct. In support of his Complaint, Plaintiff states the

following:

1.      This is a civil action for monetary damages against Defendants AIR & LIQUID

SYSTEMS CORPORATION, successor-by-merger to Buffalo Pumps, Inc.; ALDRICH PUMP,

LLC, as successor in interest to Ingersoll Rand, Inc. and The Nash Engineering Company; CBS

CORPORATION, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a

Westinghouse Electric Corporation; CRANE CO., individually and as successor in interest to

Chapman Valve Co., Deming Co., and Pacific Valves, Inc.; FOSTER WHEELER ENERGY

CORPORATION; GENERAL ELECTRIC COMPANY; IMO INDUSTRIES, INC., as successor

in interest to DeLaval Pumps; INGERSOLL RAND, INC., f/k/a Gardner Denver Holdings, Inc.,

individually and as successor in interest to The Nash Engineering Company; INGERSOLL-RAND

COMPANY, individually and as successor in interest to The Nash Engineering Company;

MURRAY BOILER LLC, recipient of certain assets and liabilities for Trane US Inc., as successor

in interest to Ingersoll Rand Inc. and The Nash Engineering Company; TRANE TECHNOLOGIES

PLC, f/k/a Ingersoll-Rand Public Limited Company, as successor in interest to Ingersoll Rand Inc.

and The Nash Engineering Company; VIKING PUMP, INC.; and WARREN PUMPS, LLC

(collectively "Defendants") who manufactured, produced, sold, supplied, merchandised and/or

4

distributed asbestos-containing products into the stream of commerce to which Plaintiff was exposed during his employment on ships in navigable waters at, *inter alia*, Norfolk Naval Shipyard, Portsmouth, Virginia and Norfolk Navy Base, Norfolk, Virginia, which caused Plaintiff, JEROME J. GEHANT, to contract mesothelioma, a terminal cancer, caused by his exposure to asbestos fibers from Defendants' asbestos-containing products.

2. The Plaintiff, JEROME J. GEHANT, was born on XX/XX/1948.

3. Plaintiff, JEROME J. GEHANT, served in the United States Navy from March 23, 1967 through December 21, 1970 and served onboard ships homeported, repaired, or overhauled at Norfolk Naval Shipyard, Portsmouth, Virginia and Norfolk Navy Base, Norfolk, Virginia. As a result of Plaintiff's Naval service as set forth above, JEROME J. GEHANT was exposed to uncontrolled asbestos dust, fibers, and/or particles from Defendants' asbestos-containing products.

4. On or about May 24, 2019, JEROME J. GEHANT was diagnosed with malignant mesothelioma, as a result of his exposure to asbestos dust, fibers and/or particles.

5. For purposes of this Complaint, Defendants are corporations, companies, or other business entities which, during all times material hereto, and for a long time prior thereto, have been, and/or are now engaged, directly or indirectly, in manufacturing, producing, selling, merchandising, supplying, distributing, and/or otherwise placing in the stream of commerce, asbestos-containing products including those uniquely and specifically designed for maritime use and marketed for installation aboard ships.

6. This case arises under the law of Virginia and within admiralty and maritime jurisdiction pursuant to Title 28 U.S.C. §1333(1) and the general admiralty and maritime law of the United States.

5

7.     At all times material hereto, Defendants acted through their agents, servants or employees who were acting within the scope of their employment on the business of Defendants.

8.     Defendant AIR & LIQUID SYSTEMS CORPORATION, successor-by-merger to Buffalo Pumps, Inc., a Pennsylvania corporation, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, pumps for use aboard commercial and/or maritime vessels, and further including without limitation condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and replacement material including asbestos-containing packing.

9.     Defendant ALDRICH PUMP, LLC, a North Carolina limited liability company, as successor in interest to Ingersoll Rand, Inc. and The Nash Engineering Company, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, pumps for use aboard commercial and/or maritime vessels, and further including without limitation condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and replacement material including asbestos-containing packing.

10.     Defendant CBS CORPORATION, a Delaware corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, a Pennsylvania corporation, manufactured, produced, sold, distributed and/or

6

supplied, either directly or indirectly, to the Plaintiff and/or the Plaintiff's employer, for use aboard commercial and/or maritime vessels asbestos-containing products including, without limitation, turbines, pumps, Micarta, generators, asbestos-coated welding rods, and transducers, heating coils, contactors, arc switches, arc chutes, switchgears, wire, cable, cords, circuit breakers, split-phase motors and other electrical components.

11.     Defendant CRANE CO., individually and as successor in interest to Chapman Valve Co., Deming Co., and Pacific Valves, Inc., a Delaware corporation, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or the Plaintiff's employer, asbestos-containing products including, without limitation, maritime pumps, valves, insulating products, and pump and valve repair and replacement material including asbestos-containing packing.

12.     Defendant FOSTER WHEELER ENERGY CORPORATION, a Delaware corporation, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or the Plaintiff's employer, asbestos-containing products including without limitation, boilers, insulating products, and boiler repair and replacement material including asbestos-containing packing.

13.     Defendant GENERAL ELECTRIC COMPANY, a New York corporation, manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff and/or the Plaintiff's employer, asbestos-containing products including, without limitation, turbines for use aboard commercial and/or maritime vessels, and further including without limitation pumps, generators, split-phase motors, transducers, heating coils, electrical components such as contactors, arc switches, arc chutes, switchgears, wire, cable, cords, circuit breakers, and other products.

7

14. Defendant IMO INDUSTRIES, INC., a Delaware corporation, as successor in interest to IMO DeLaval Inc., Transamerica DeLavel, Inc., DeLavel Turbine, Inc., and DeLaval Steam Turbine Company, manufactured, specified, produced, disturbed and/or sold, either directly or indirectly, to the Plaintiff and/or the Plaintiff's employer, asbestos-containing products including, without limitation, pumps, insulation, and pump repair and replacement material including asbestos-containing packing.

15. Defendant INGERSOLL RAND, INC., a Delaware corporation, f/k/a Gardner Denver Holdings, Inc., individually and as successor in interest to The Nash Engineering Company, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, pumps for use aboard commercial and/or maritime vessels, and further including without limitation condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and replacement material including asbestos-containing packing.

16. Defendant INGERSOLL-RAND COMPANY, individually and as successor in interest to The Nash Engineering Company, a New Jersey corporation, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, pumps for use aboard commercial and/or maritime vessels, and further including without limitation condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system

8

high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and replacement material including asbestos-containing packing.

17.    Defendant MURRAY BOILER LLC, a North Carolina limited liability company, as recipient of certain assets and liabilities for Trane US Inc., and as successor in interest to Ingersoll Rand Inc. and The Nash Engineering Company, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, pumps for use aboard commercial and/or maritime vessels, and further including without limitation condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and replacement material including asbestos-containing packing.

18.    Defendant TRANE TECHNOLOGIES PLC, an Ireland public limited company, f/k/a Ingersoll-Rand Public Limited Company, as successor in interest to Ingersoll Rand Inc. and The Nash Engineering Company, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, pumps for use aboard commercial and/or maritime vessels, and further including without limitation condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and replacement material including asbestos-containing packing.

9

19.    Defendant VIKING PUMP, INC., a Delaware corporation, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or the Plaintiff's employer, asbestos-containing products including, without limitation, pumps for use aboard commercial and/or maritime vessels, and further including without limitation condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and replacement material including asbestos-containing packing.

20.    Defendant WARREN PUMPS, LLC, a Delaware corporation, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or the Plaintiff's employer, asbestos-containing products including, without limitation, pumps for use aboard commercial and/or maritime vessels, and further including without limitation condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and replacement material including asbestos-containing packing.

## GENERAL ALLEGATIONS

21.    Plaintiff, JEROME J. GEHANT, resides at 1011 Roma Drive, Breaux Bridge, Louisiana.

22.    During his employment aboard naval vessels as well as in shipyards, Plaintiff used, handled and/or was in a proximity of others who used and handled asbestos and asbestos-containing products which caused him to contract a severe health affliction in the form of mesothelioma. The asbestos and asbestos-containing products in and about the vessels upon which

10

Plaintiff worked and in the shipyards are known to be highly toxic to mankind and the human body can be contaminated by asbestos and asbestos-containing products through inhalation and/or ingestion.

23.     Plaintiff, JEROME J. GEHANT, was exposed to asbestos-containing products that were manufactured, specified, and/or distributed by Defendants.   These asbestos-containing products were defective and inherently dangerous in the manner in which they were marketed for their failure to contain or include adequate warnings regarding potential asbestos health hazards associated with the use, removal or maintenance of, or the exposure to the products. The defective and inherently dangerous condition of these asbestos-containing products, coupled with the disabling and/or fatal diseases generated by the inhalation of asbestos dust, rendered such asbestos-containing products unreasonably and inherently dangerous and thereby abrogated any need for privity of contract between Plaintiff and these Defendants as a prerequisite to liability.

24.     As more specifically detailed below, Defendants are only being sued for their failure to warn of the hazards of asbestos exposure. They are not being sued on any other theory, including any design defect or any theory arising from any Defendants' acts, if any, at the direction of a Federal Officer and such other theories are expressly waived. The Defendants' failure to warn renders them liable in negligence (as set forth in Count I), for a breach of their implied warranty of merchantability (as set forth in Count II), and for strict liability in tort (as set forth in Count III).

25.     Throughout Plaintiff JEROME J. GEHANT's service in the United States Navy, he worked aboard vessels, on the navigable waters of the United States, including without limitation the territorial waters of the Commonwealth of Virginia, performing the traditional maritime activity of ship repair. During the performance of traditional maritime activities while serving in the United States Navy, Plaintiff JEROME J. GEHANT was continuously and daily required to

11

install, remove, repair, alter, fabricate, work with, use, handle and/or otherwise come into contact with and/or to be exposed to asbestos-containing products that were manufactured, sold, supplied, distributed and/or otherwise placed in the stream of commerce by Defendants, resulting in inhalation of asbestos dust, fibers and/or particles generated from the intended, ordinary and foreseeable use of Defendants' asbestos-containing products. Plaintiff JEROME J. GEHANT's clothes, his person, and/or his belongings were covered with and contaminated with asbestos dust, fibers and/or particles generated from the intended, ordinary, and foreseeable use of Defendants' asbestos-containing products. Plaintiff JEROME J. GEHANT's exposure to and inhalation of asbestos dust, fibers and/or particles proximately resulted in his contracting malignant mesothelioma, which is permanent and/or fatal.

26.     Defendants, all of them, knew or should have known, of the dangers associated with exposure to asbestos and asbestos-containing products in the workplace.

27.     Defendants, all of them, knew with substantial certainty that harmful contact with Plaintiff's person would result from his exposure to asbestos present aboard the vessels upon which he served through the products that were produced and/or supplied to or brought aboard the vessels upon which Plaintiff worked.

28.     Defendants knew, at times relevant herein, that their asbestos and/or asbestos-containing products posed a significant risk to human health, through inhalation and ingestion, and yet Defendants with willful and wanton disregard for Plaintiff's safety and human health, failed to test and/or reveal their test results, failed to warn users of the dangers of exposure to said products in marketing and/or placing said products into the stream of commerce.

29.     Harmful contamination with Plaintiff's person occurred due to the asbestos and asbestos-containing products found and/or utilized aboard the vessels upon which Plaintiff sailed

including, but not limited to, the asbestos and asbestos-containing products that Defendants produced and/or supplied, and Plaintiff was in fact injured as a result of his continued exposure to said products during the course of his career as a mariner.

30.     As a direct and proximate result of Defendants' aforementioned tortious acts, Plaintiff sustained serious, incurable and progressive asbestos-related disease. Plaintiff contracted an asbestos-related disease, and suffered other bodily injuries including: great pain of mind and body, shock, disgrace, outrage, humiliation, indignity, disability, loss of the joys, pleasures and vitalities of life, and exacerbation of existing disease.

31.     Plaintiff developed asbestos-related mesothelioma and, as a result, was extremely fearful of the ravages of such illnesses from which he suffered.

32.     As a result of Plaintiff's asbestos-related condition, Plaintiff experiences severe mental anguish, great pain of mind and body, and suffers the ravages of asbestosis, mesothelioma and/or progressive shortness of breath.

33.     Plaintiff has incurred and continues to incur medical bills and other expenses.

34.     Plaintiff sustained wage losses in an indeterminate amount, which amount will be demonstrated at trial.

## COUNT I – NEGLIGENCE

35.     Plaintiff hereby incorporates by reference the preceding paragraphs as if the same were fully set forth herein.

36.     Defendants are or were, at all times material hereto, engaged in the business of designing, manufacturing, selling, supplying, distributing and/or assembling various asbestos-containing products for sale to and use by shipowners and/or shipyards, including the U.S. Navy.

13

37.    Defendants intended that their products be used in or about vessels and in the shipyards, including those referenced herein.  Defendants sold and placed their products in the stream of commerce for sale.

38.    At the time of the manufacture and/or sale of asbestos and asbestos-containing products by Defendants to Plaintiff's employers and/or the Navy, Defendants knew, had reason to know or in the exercise of reasonable care should have known that Plaintiff would be exposed to the above-referenced products.

39.    Each of the products manufactured or supplied by Defendants, at all times relevant, were being used in a manner for which they were intended and in a manner that was reasonably foreseeable.

40.    During the times material hereto, Defendants owed Plaintiff a duty of ordinary care in its marketing, designing, selling, labeling, manufacturing and/or distributing asbestos and/or asbestos-containing products.

41.    During times material hereto, Defendants owed a duty to Plaintiff and all others similarly situated to manufacture, design, prepare and market their products in a manner reasonably calculated to prevent the products to be used without a danger of the health and safety of persons such as Plaintiff. Furthermore, Defendants owed a duty to warn and instruct regarding the uses of its asbestos-containing products.

42.    Plaintiff's exposures to asbestos were foreseeable by Defendants.

43.    Defendants breached their duty of ordinary care and were negligent in that they knew and/or should have known that their asbestos-containing products were likely to injure and cause respiratory disease in persons who were exposed to their products without warnings or

14

adequate warnings, that exposure to Defendants asbestos-containing products would create hazardous, unsafe work areas and risk to the health of Plaintiff.

44.     Defendants knew or had reason to know for decades of the hazards of asbestos and asbestos-containing products, or in the exercise of reasonable care, should have known of these hazards.  Notwithstanding this knowledge, Defendants manufactured, supplied, advertised and sold said products.  Defendants, in a conscious disregard for the safety of Plaintiff and others, without giving any notice of defects to Plaintiff, placed and persisted in placing the products described above into the stream of commerce, causing Plaintiff's exposure to asbestos.

45.     At all times material hereto, the Plaintiff was not aware of the nature and extent of the danger to his respiratory system, heart, other bodily parts, and general health that would result from his contact with, exposure to and inhalation of the asbestos dust, fibers and/or particles resulting from the intended, ordinary and foreseeable use of the Defendants' asbestos-containing products; whereas, each of the Defendants knew, had reason to know, should have known and/or could have reasonably determined that the Plaintiff would inhale asbestos dust, fibers and/or particles during or as a consequence of the intended, ordinary and foreseeable use of their asbestos-containing products, and despite such facts, Defendants, individually, jointly, and severally were negligent pursuant to maritime negligence law as summarized and restated in the Restatement (Second) of Torts §395 and §400, and in one or more of the following respects:

(a)     Mined, manufactured, sold, distributed, and/or otherwise placed in the stream of commerce asbestos-containing products, which Defendants knew or in the exercise of ordinary care should have known, and/or had reason to know, were imminently and inherently dangerous, otherwise highly harmful and defective without a proper warning calculated to reach the Plaintiff and others exposed to asbestos dust, fibers

15

and/or particles resulting from the intended, ordinary and foreseeable use of their asbestos-containing products;

(b)    Failed to take reasonable precautions or to exercise reasonable care to adequately or sufficiently warn the Plaintiff, of the dangers and harm to which he was exposed as a consequence of the inhalation of asbestos dust, fibers and/or particles resulting from the intended, ordinary and foreseeable use of their asbestos-containing products;

(c)    Failed and omitted to provide the Plaintiff with the knowledge of reasonably safe and sufficient safeguards, wearing apparel, proper safety equipment and appliances needed to protect him from being injured, disabled, killed, or otherwise harmed by working with, using, handling, coming into contact with, and inhaling the asbestos dust, fibers and/or particles resulting from the intended, ordinary and foreseeable use of their asbestos-containing products;

(d)    Failed to place any warnings or adequate and sufficient warnings on or inside the containers of their asbestos-containing products and to suitably apprise the Plaintiff of the risks and dangers inherent in the intended, ordinary and foreseeable use of their asbestos-containing products and the precautions necessary to make their asbestos-containing products safe for their intended, ordinary and foreseeable uses;

(e)    Failed to place any warnings or adequate and sufficient warnings on or inside the packaging of their asbestos-containing products, or otherwise, to inform the Plaintiff or any foreseeable user, of the dangers inherent in the repair and replacement of such asbestos-containing products, which repair and replacement

16

foreseeably required the removal of friable and inherently dangerous asbestos-containing packing and/or insulation materials;

(f)     Failed to place warnings, or adequate and sufficient warnings on or inside the containers of their asbestos-containing products, or in technical manuals, drawings or specifications supplied with their asbestos-containing products to inform the Plaintiff of the enhanced risk and dangers inherent in the intended, ordinary and foreseeable use of their asbestos-containing products in the environment of military and/or commercial shipbuilding and ship repair where the Defendants knew, should have known and/or had reason to know that many other asbestos-containing products were also being dangerously and simultaneously used without controls of safety procedures;

(g)     Failed to adequately test their asbestos-containing products to determine the nature and extent of the risk from the foreseeable use, maintenance, repair and/or removal of their products and the need for warnings and recommended safety instructions to eliminate or reduce that risk;

(h)     Failed to advise the Plaintiff, whom the Defendants knew, should have known, and/or had reason to know, was exposed to asbestos dust, fibers and/or particles resulting from the intended, ordinary and foreseeable use of their asbestos-containing products to cease all future exposure to asbestos dust, fibers and/or particles, to be examined by a lung specialist to determine the nature and extent of any and all asbestos diseases caused by such exposure, and to receive treatment for such diseases.

46.     Such negligent and deliberate acts of the Defendants proximately resulted in the

Plaintiff's long-term inhalation of asbestos dust, fibers and/or particles from the intended, ordinary

and foreseeable use of Defendants' asbestos-containing products, including the routine,

recommended and expected maintenance of the Defendants' asbestos-containing products, and

this exposure directly and proximately caused the Plaintiff to contract mesothelioma, which is

permanent and/or fatal.

47.     The Defendants' foregoing acts, failures and/or omissions were willful or wanton

in nature, were undertaken with actual or constructive knowledge that injury would result, and/or

were accomplished with such recklessness as to evince a conscious disregard for the health, safety,

and rights of the Plaintiff.

48.     As a direct and proximate result of the acts and omissions aforestated by the named

Defendants, Plaintiff sustained injuries as contemplated in *American Fire & Casualty Company v.*

*Flynn*, 341 U.S. 6, 71 S. Ct. 534 (1951). Plaintiff seeks damages as below stated, *inter alia*:

      (a)    Loss of earnings and earnings capacity;

      (b)    Conscious pain and suffering, past and future;

      (c)    Mental anguish, fright and shock, embarrassment, humiliation or mortification, past or future;

      (d)    Medical expenses and costs;

      (e)    Household services;

      (f)    Loss of pleasure, including social and recreational amenities, past and future;

      (g)    Loss of society and companionship; and

      (h)    Punitive damages; and

      (i)    Any and all other elements of damages cognizable in law or which may be raised,

pleaded and proved by the Plaintiff during the
pendency of this cause and at the time of trial.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in
an amount reasonable in the premises, and Plaintiff further seeks interest and costs to be taxed in
accordance with law and such other and further measures of relief as the Court may determine to
be appropriate and just in the premises.

## COUNT II – BREACH OF IMPLIED WARRANTY

49.     Plaintiff hereby incorporates by reference the preceding paragraphs as if the same
were fully set forth herein.

50.     Defendants impliedly warranted that their asbestos-containing products were
reasonably fit for use and safe for their intended purposes.

51.     At the time of the manufacture and sale of their asbestos-containing products to the
Plaintiff and/or the Plaintiff's employer, including the U.S. Navy, the Defendants knew, should
have known and/or had reason to know that their asbestos-containing products would be used by
the Plaintiff as the ultimate user or consumer of their products.

52.     Throughout the years that the Plaintiff was exposed to the Defendants' asbestos-
containing products, the Defendants expected that their asbestos-containing products would reach,
and they in fact did reach, the ultimate user or consumer without substantial change in the condition
in which they were sold.

53.     The Defendants' asbestos-containing products were sold in a defective condition in
that they were incapable of being made safe for their intended, ordinary and foreseeable use, and
said Defendants failed to give adequate or sufficient warnings or instructions about the
unreasonable risks and dangers inherent in their asbestos-containing products.

19

54.     The Defendants' breached said warranties to the Plaintiff in that their asbestos-containing products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended, ordinary and foreseeable uses and purposes and such breaches proximately resulted in the Plaintiff contracting mesothelioma, which is permanent and/or fatal.

55.     The Defendants' breaches of said warranties to the Plaintiff were willful or wanton in nature, were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff.

56.     Plaintiff seeks damages as below stated, *inter alia*:

    (a)     Loss of earnings and earnings capacity;

    (b)     Conscious pain and suffering, past and future;

    (c)     Mental anguish, fright and shock, embarrassment, humiliation or mortification, past or future;

    (d)     Medical expenses and costs;

    (e)     Household services;

    (f)     Loss of pleasure, including social and recreational amenities, past and future;

    (g)     Loss of society and companionship;

    (h)     Punitive damages; and

    (j)     Any and all other elements of damages cognizable in law or which may be raised, pleaded and proved by the Plaintiff during the pendency of this cause and at the time of trial.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount reasonable in the premises, and Plaintiff further seeks interest and costs to be taxed in

accordance with law and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

## COUNT III – STRICT PRODUCT LIABILITY

57.     Plaintiff hereby incorporates by reference the preceding paragraphs as if the same were fully set forth herein.

58.     The Defendants' knew, had reason to know and/or in the exercise of reasonable care should have known, that their asbestos-containing products would be sold to the public, including the Plaintiff and/or the Plaintiff's employer as aforesaid, and would be sued by the Plaintiff, and other persons similarly employed, and would be relied on by such persons to be fit for the use and to accomplish the purpose for which they were mined, manufactured, produced, processed, sold, supplied, distributed, and/or otherwise placed in the stream of commerce. The Defendants, because of their positions as miners, manufacturers, producers, processors, sellers, suppliers, and distributors, are strictly liable to the Plaintiff for the following reasons:

(a)     That Defendants, as manufacturers-sellers, are engaged in the business, *inter alia*, of selling asbestos-containing products;

(b)     That, at the time of the manufacture and sale of their asbestos-containing products by the Defendants to the Plaintiff and/or the Plaintiff's employer, including the U.S. Navy, these Defendants knew, had reason to know, and/or should have known, that the said asbestos-containing products would be used by the Plaintiff, and other persons similarly employed, as the ultimate user or consumer;

(c)     That the said asbestos-containing products were sold by the Defendants in a defective condition, unreasonably dangerous to the Plaintiff and other similarly employed, as users or consumers, and that, all throughout many years of the

21

Plaintiff's exposure to and use of the said asbestos-containing products, the said asbestos-containing products were expected to and did reach the user or consumer without substantial change in the condition in which they were sold;

(d)     That the said asbestos-containing products were defective in that they were incapable of being made safe for their intended, ordinary and foreseeable use, and said Defendants failed to give adequate or sufficient warning or instructions about the risks and dangers inherent in the products; and

(e)     That the intended, ordinary and foreseeable use of the Defendants' asbestos-containing products is an intrinsically dangerous and ultrahazardous activity.

59.     The Defendants' breaches of duty under traditional maritime strict liability standards, as restated and summarized in §402(a) of the Restatement (Second) of Torts, as described herein proximately caused or contributed to cause the Plaintiff to contract mesothelioma, which is permanent and/or fatal.

60.     The Defendants' breaches of duty under traditional maritime strict liability standards, as restated and summarized in §402(a) of the Restatement (Second) of Torts, as described herein were willful or wanton in nature, were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff.

61.     As a direct and proximate result of the acts and omissions aforestated by the named Defendant, Plaintiff sustained injuries as contemplated in *American Fire & Casualty Company v. Flynn*, 341 U.S. 6, 71 S. Ct. 534 (1951). Plaintiff seeks damages as below stated, *inter alia*:

(a)     Loss of earnings and earnings capacity;

(b)     Conscious pain and suffering, past and future;

22

(c)    Mental anguish, fright and shock, embarrassment, humiliation or mortification, past or future;

(d)    Medical expenses and costs;

(e)    Household services;

(f)    Loss of pleasure, including social and recreational amenities, past and future;

(g)    Loss of society and companionship;

(h)    Punitive damages; and

(i)    Any and all other elements of damages cognizable in law or which may be raised, pleaded and proved by the Plaintiffs' during the pendency of this cause and at the time of trial.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount reasonable in the premises, and Plaintiff further seeks interest and costs to be taxed in accordance with law and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

### PLAINTFF DEMANDS A JURY WITH RESPECT TO ALL ISSUES TO WHICH HE IS ENTITLED BY LAW TO A JURY

Dated:  May 20, 2020                  Respectfully submitted,


MOTLEY RICE LLC


Nathan D. Finch, Esq. (VA Bar # 34290)
Motley Rice, LLC
401 9th Street, NW, Suite 1001
Washington DC, 20004
Phone: (202) 232-5504
Fax: (202) 232-5513
Email: nfinch@motleyrice.com
*Counsel for Plaintiff*

23